[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven. Many of the facts that give rise to this action are not in dispute. The plaintiff whose maiden name is Cheryl D. Gonsiewski and the defendant were married in Hamden, Connecticut on June 26, 1982. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of CT Page 9552 reconciliation. There are two minor children issue of this marriage Gregg Corso, born February 5, 1989 and Valerie Corso, born August 4, 1992. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. The court finds that the defendant is primarily at fault for the breakdown of the marriage.
The plaintiff is in good health. She was born on May 17, 1960. The plaintiff is presently receiving mental health therapy and has been taking medication for depression for approximately one and one-half years. She has been seeing a mental health therapist for approximately one and one-half years. Both children are also in therapy. The plaintiff was a registered nurse when the parties married. She has been a registered nurse since 1981. She worked at St. Raphael's Hospital until 1984. She then transferred to Hamden Health Center and has worked there from 1984 up to the present time.
The plaintiff is the Director of Staff Development at Hamden Health Care Center. Her gross weekly wages are $792.00 and her net weekly wages are $568.00. Her financial affidavit dated May 13, 1999 shows a weekly expense for fuel of $32.00. The correct amount if $10.00. Her financial affidavit shows a weekly electricity bill of $37.00. The correct amount is $11.00. She has a Mastercard MBNA liability with a balance of $3,300.00. The Mastercard MBNA had a balance of approximately $1,500.00 before the divorce action started. The Visa has a balance of $2,508.00, which was incurred after the divorce action was instituted. A Mastercard with Citibank has a balance of $3,300.00, which was incurred after the divorce action was instituted. A therapist liability has a correct balance of $864.00 rather than the $954.00 shown on her financial affidavit. This bill was incurred since June 29, 1998 and represents the unpaid out-of-pocket expenses for the two children's therapy treatment. The plaintiff also has a personal loan with a balance of $5,000.00, which loan was from the plaintiffs mother to pay attorney's fees. The Mastercard Citibank is being paid by the plaintiffs mother on her behalf. She owns a 1991 Chrysler with a value of $4,000.00, which vehicle is used by the plaintiff, and a 1991 Plymouth with a value of $4,000.00 which vehicle is used by the defendant. The estimated value of her household furnishings is $1,500.00. She also owns a fur jacket with a value of $1,500.00 and jewelry with CT Page 9553 a total value of $16,898.00. She has a joint account with Lafayette American Bank with a total balance of $13,572.00 and a checking account that usually has a minimum $750.00 balance. There are savings bonds, some joint and some individual, with a total cash surrender value of $38,400.00. Those bonds are shown on the financial affidavit of the plaintiff and the defendant. The parties have tax refunds that the plaintiff is holding consisting of an IRS refund of approximately $3,00.00 to $4,000.00 and a state of Connecticut refund of approximately $1,000.00.
The defendant is 41 years old. He was born on August 4, 1957.
The defendant is employed at Bozzuto's. His gross weekly wages are $660.93 and a net weekly wage for child support guideline purposes of $469.00. He has a liability to Radio Shack for a stereo with a balance due of $400.00 and a loan from his father that was taken out in June of 1998 to pay legal expenses with a balance of $7,000.00. The Dime Savings Bank shown on the defendant's financial affidavit is the same account that is shown on the plaintiffs financial afffdavit as Lafayette. That bank has since changed its name and is now The HUB Bank. He has a 401K Plan with a value of $5,245.00, an IRA with a value of $9,600.00, and a profit sharing plan with a value of $41,603.00.
There is presently a total of $16,385.97 held in the name of the minor child Valerie in various UGMA bank accounts and $14,180.29 held in the name of the minor child Greg in various UGMA bank accounts.
For the purposes of support, the parties are in agreement that the plaintiffs net weekly income in $568.00 and the defendant's net weekly income is $469.00 with a combined net weekly income of $1,037.00 and the total support obligation is $353.00 with the plaintiff share being 55% and the defendant's share being 45% or $158.00 less a health insurance premium adjustment of $26.00 for a recommended child support guideline amount of $132.00 per week. The parties have stipulated that support should be in the amount of $135.00 a week, which is substantially in accordance with the guidelines.
The family home located at 15 Rainbow Court, Hamden, Connecticut is owned one-half by the plaintiffs mother and the remaining half by the plaintiff and the defendant. The parties shared the home with her parents starting a few months prior to CT Page 9554 the parties marriage. The plaintiffs mother now occupies one-half of the home. The plaintiff and the minor children occupy the other one-half of the home. The total value of that home is $177,500.00. The one-half interest owned by the plaintiff and the defendant has a value of $88,750.00.
There is presently due to counsel for the minor children a balance of $447.50.
This court has considered the provision of Section 46b-82
regarding the issue of alimony and has considered the provision of Section 46b-81(c) regarding the issue of property orders and has considered the provision of Section 46b-84 and the child support guidelines regarding the issue of support and has considered the provision of Section 46b-62 regarding the issue of attorney's fees and has considered the provisions of Sections46b-56 and 46b-56a regarding the issue of custody and visitations. The court enters the following orders:
A. BY WAY OF DISSOLUTION OF MARRIAGE
 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ATTORNEY'S FEES
 1. No attorney's fees are awarded in favor of either the plaintiff or defendant.
 2. The parties are ordered to divide equally the $447.50 due to counsel for the minor children and to pay their respective share by August 31, 1999.
C. BY WAY OF ALIMONY
a. ALIMONY FROM DEFENDANT TO PLAINTIFF
1. The defendant is ordered to pay alimony to the plaintiff in the amount of $1.00 per year for so long as the defendant is required to pay child support, modifiable only in the event of the plaintiffs inability to continue to be employed full time due to serious illness or injury sustained by a child requiring the plaintiff to attend to the child's care on a continuing daily basis. The term of the alimony payable to the plaintiff is nonmodifiable. CT Page 9555
 2. Alimony is to terminate upon the death of the plaintiff or the defendant or the remarriage of the plaintiff.
 3. The provisions of Section 46b-86(a) and 46b-86(b) are applicable.
b. ALIMONY FROM PLAINTIFF TO DEFENDANT
 1. The plaintiff is ordered to pay to the defendant alimony in the amount of $1.00 per year modifiable only in the event the defendant obtains custody of one or both of the children and in addition only in the further event of the defendant's inability to continue to be employed full time is due to a serious illness or injury sustained by a child requiring the defendant to attend to the child's care on a continuing daily basis. The term of the alimony payable to the defendant is non-modifiable.
 2. Alimony is to terminate upon the death of the plaintiff or the defendant or the remarriage of the defendant.
 3. The provisions of Section 46b-86(a) and 46b-86(b) are applicable.
D. BY WAY OF CUSTODY AND VISITATION AND SUPPORT.
 1. The plaintiff shall have custody of the two minor children subject to the defendant's reasonable right of visitation. At the time of this decree, the child Gregg is resisting visiting with the defendant and is in counseling in regard to that and the matter may be referred to Family Relations for a study. The defendant currently has supervised visitation with the child Valerie at Southern Connecticut State University and that shall continue until further order of the court. A motion to modify is currently pending and the parties have been referred to Family Relations for mediation. See Order dated April 19, 1999. The defendant is solely responsible for any costs incurred at Southern Connecticut State University resulting from his supervised visitation with the minor child Valerie.
2. The defendant is to pay to the plaintiff support in the amount of $135.00 per week. An immediate wage execution is authorized with payments to be made through the support enforcement division. CT Page 9556
 3. The defendant shall maintain the children as beneficiaries on his health care plan through his employer. Any uninsured, unreimbursed medical expenses for the minor children shall be shared equally by the parties. In the event that the defendant does not have health insurance for the minor children and the plaintiff has a health insurance plan provided by her employer, then she will provide that insurance. Again any uninsured, unreimbursed medical expenses for the minor children shall be shared equally between the parties. In the event that neither party has any plan for the children then they shall apply for Husky coverage for the children and they shall share the costs equally for maintaining such a plan. The cost of any medical expenses provided to the children that is not covered by the Husky plan shall be shared equally by the parties. Medical expenses include therapy and counseling expenses for the children.
 4. The provisions of Connecticut General Statute Section 46b-84(d) shall apply to the handling of all claims for insurance payment and reimbursement for the parties concerning the cost of the child's health care.
 5. Each of the parties shall maintain the children as beneficiaries of all life insurance policies currently held and shall not encumber any such policies. Each shall name the other as trustee for the children during the children's minority period. Each shall provide proof to the other of the required beneficiary designation within 60 days of the date of the dissolution.
E. BY WAY OF PROPERTY ORDERS.
 1. Each parties is responsible for paying the debts shown on their respective financial affidavits and is to hold the other party harmless therefrom.
 2. The defendant is ordered to quit claim to the plaintiff all of his right, title and interest in and to the property known as 15 Rainbow Court, Hamden, Connecticut by August 31, 1999.
3. The plaintiff shall retain all of the jewelry and home furnishings and Fox Jacket shown on her Affidavit including her wedding ring and engagement ring, except that the defendant shall be entitled to receive the items attached as Exhibit A to the CT Page 9557 defendant's claims for relief dated May 13, 1999. The defendant shall make arrangements to obtain these items from the plaintiff within 30 days of the date of judgment.
 4. The 1991 Chrysler is awarded to the plaintiff and the 1991 Plymouth is awarded to the defendant.
 5. The funds on deposit in HUB are ordered divided equally between the parties.
 6. $8,000.00 of the savings bonds are awarded to the plaintiff and the balance of the savings bonds are awarded to the defendant.
 7. The plaintiff is awarded the checking account shown on her financial affidavit that usually has a minimum balance of $750.00.
 8. The plaintiff is awarded the 401K plan shown on her financial affidavit and IRA shown on her financial affidavit.
 9. The defendant is awarded the 401K plan and the IRA and the Profit Sharing plan shown on his financial affidavit.
 10. The IRS and Connecticut Tax Rebates shall be divided equally between the parties.
 11. All of the UGMA accounts for the children shall be placed in the control of the plaintiff, and the defendant shall cooperate with the transfer of such accounts from his name as custodian to the plaintiff's name as custodian.
F. MISCELLANEOUS ORDERS
 1. Counsel for the plaintiff is to prepare the judgment file within 30 days and send to counsel for the defendant for signature and filing.
 2. The parties are to exchange copies of their Federal and State Income Tax Returns for so long as there is an outstanding support and/or alimony order or any arrearage thereto.
3. The plaintiffs claim against the defendant arising out of the defendant having struck her shortly after the plaintiff had the defendant served with divorce papers is extinguished as a CT Page 9558 result of the orders entered in this decree.
Axelrod, J.